IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
09/02/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

YIXON ARTURO CHACON PARRA,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;
SAMUEL OLSON, Field Office Director, ICE;
MARKWAYNE MULLIN, DHS Secretary;
DAVID VENTURELLA, Acting Director, ICE; and
TODD BLANCHE, Acting Attorney General,

Respondents.

Case No. 26-3279-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner filed his petition on August 3, 2026. The Court ordered expedited briefing, and respondents filed an answer to the petition, but petitioner did not file a reply brief by the ordered deadline; accordingly, the matter is ripe for ruling.

Petitioner claims that his detention is unlawful because he has not had the opportunity to obtain an individualized custody review or a bond hearing. In its answer, the Government represents that petitioner is now being detained under 8 U.S.C. § 1226(a) (which allows for discretionary release on bond), as evidenced by a written notice of a

custody determination conducted under that statute, in which petitioner has requested review by an immigration judge. Thus, the Government, while arguing that petitioner cannot now succeed on his claim as stated, has conceded in effect that petitioner is entitled to a merits review by an immigration judge if he now requests release on bond. Because petitioner is not now being denied the opportunity to request a bond hearing, this claim fails.[1]

Petitioner also claims that his detention, now exceeding five months, has become unreasonably prolonged in violation of due process. Petitioner has not cited any authority, however, to support such a claim of a due process violation despite the fact that an individualized bond determination is available to him. Indeed, in cases in which this Court has determined that an immigration detention has become unreasonably prolonged, it has ordered a bond hearing as relief, *see, e.g.*, *Nguyen v. Carter*, 2026 WL 522650 (D. Kan. Feb. 25, 2026) (Lungstrum, J.); but such relief is already available to petitioner, and he has not shown that he is entitled to outright release. Nor has petitioner shown that his detention

---

[1] In a similar case, the Court rejected the petitioner's argument that a Court order was still required to ensure that the immigration court did not refuse to consider the merits based on a lack of jurisdiction. *See Salazar Coto v. Mackey*, 2026 WL 2408777, at *1 (D. Kan. Aug. 18, 2026) (Lungstrum, J.). In that case, the Court stated that it was incumbent on the Government to make sure that the merits were considered at any such hearing, as it had taken the position that this Court need not order a bond hearing because the petitioner was detained under Section 1226(a) – thus in essence representing that the immigration court would grant a merits-based hearing; and the Court further warned that if the immigration court did claim a lack of jurisdiction to consider the petitioner's request, this Court would entertain an emergency motion to reopen the case, and it would order a bond hearing and consider requests for other relief or sanctions as appropriate. *See id.* at *1 n.2. That admonition applies here as well.

no longer serves the legitimate purpose of securing his removal. The Court therefore denies this claim as well.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 2nd day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge